No. 162.—F. A. BOYLE & Co. v. N. A. SIBLEY, Administratrix.

The surviving wife is entitled to the usufruct of the community property during her widow-hood, without accounting to the creditors for the rents and revenues arising from the use of the property, or the value of animals that perish from natural causes. The fact that she has qualified as administratrix, and administered the estate in that capacity, does not affect her rights as surviving spouse.

APPEAL from the parish of Bossier. *Baker*, Parish Judge. *T. M. Fort*, for plaintiffs and appellants. *Griffin & Snider*, for defendant and appellee.

HOWE, J. F. A. Boyle & Co., ordinary creditors of Isaac F. Sibley, deceased, filed an opposition to the account of the administratrix. Several grounds of opposition were maintained by the court below, and as the administratrix has not appealed, or asked for an amendment of the judgment, we can not pass upon them.

The principal question before us is of the right of the administratrix, Mrs. Sibley, as usufructuary of the property of the community which existed between her and the deceased.

Isaac F. Sibley died in 1861, leaving a plantation, with slaves, work animals, utensils, etc., the property of the community. Mrs. Sibley, the surviving spouse, was appointed administratrix, and at the same time was entitled to the usufruct, during her widowhood, of this estate. She remained upon it until it was finally sold at succession sale in the latter part of 1867.

The opponents insist that she should charge herself in account with the revenues of the property during these six years. We are of opinion, however, that she was entitled to them as usufructuary. The fact that she was administratrix did not affect her rights as surviving spouse. 4 An. 389; 3 An. 489; 9 An. 107.

If the creditors wished to prevent her receiving these revenues they should have pressed their claims, and compelled a sale at an earlier day.

For the same reason she ought not to be charged with the value of the animals, tools and furniture, which perished by natural causes and use during this time. Tutorship of Davis, lately decided, 22 An. p. —.

On the whole, we think the judgment appealed from substantially correct.

Judgment affirmed.